IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONI LYNN KITCHEN, as next friend, and Administrator of the Estate of TYLER ZAYN ROBINSON.<br><br>Plaintiff,<br><br>vs.<br><br>1. BOARD OF COUNTY COMMISSIONERS FOR GARFIELD COUNTY, an Oklahoma Political Subdivision, in its official capacity as Governing Body of the County of Garfield County;<br><br>2. GARFIELD COUNTY SHERIFF'S OFFICE, A county law enforcement agency;<br><br>3. GARFIELD COUNTY SHERIFF CORY RINK, in his official and individual capacities;<br><br>4. CITY OF ENID, an Oklahoma Municipality;<br><br>5. CITY OF ENID POLICE DEPARTMENT, a municipal law enforcement agency;<br><br>6. UHS OF OKLAHOMA, LLC, a domestic limited liability company, d/b/a ST. MARY'S REGIONAL MEDICAL CENTER,<br><br>7. ANNIE CACY, DO, an individual;<br><br>8. PATRICK O'HAYRE, DO, an individual;<br><br>9. CAROLINA WALES, DO, an individual;<br><br>10. DAVID HADLEY, an individual;<br><br>11. BRIAN O'ROURKE, an individual, in his official and individual capacities;<br><br>12. ROBERT ELLIOTT, an individual; | Case No. CIV-23-1070-SLP<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

1

| | |
|---|---|
| 13. BEN CROOKS, an individual, in his official And individual capacities; | ) ) |
| | ) |
| 14. GARFIELD COUNTY CRIMINAL JUSTICE AUTHORITY, a public trust; | ) ) |
| | ) |
| 15. MORGAN BAGGITT, an individual; | ) |
| | ) |
| 16. ADVANCED CORRECTIONAL HEALTHCARE, Inc., a foreign for profit business corporation; | ) ) ) |
| | ) |
| 17. JOHN DOES (1-3), unknown individuals who were involved but not yet identified. | ) ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, Roni Kitchen (hereinafter "Kitchen"), as next friend of S.S.M.K. and Administrator of the Estate of Tyler Zayn Robinson (hereinafter "Robinson"), deceased, and for her cause of action against Defendants Board of County Commissioners for Garfield County (hereinafter "BCCGC"), Garfield County Sheriff's Office (hereinafter "GCSO"); Garfield County Sheriff, City of Enid, City of Enid Police Department, UHS of Oklahoma, LLC, Annie Cacy, D.O., Patrick O'Hayre, D.O., Carolina Wales, D.O., David Hadley, Brian O'Rourke, Robert Elliott, Ben Crooks, the Garfield County Criminal Justice Authority, states as follows:

### I. THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Plaintiff files this Amended Complaint to clarify her causes of actions against the Defendants named herein, and hereby waives and /or disclaims any express or implied federal or Constitutional causes of action alleged in her initial Complaint (Petition), and specifically waives any issue which she might be permitted to raise under 42 U.S.C. §1983.

2

2. By filing this Amended Complaint, Plaintiff does not indicate any intention to proceed in this jurisdiction and reserves all rights under 28 U.S.C §1367(C)(2). Plaintiff waives all 42 U.S.C. § 1983 issues giving rise to federal jurisdiction by means of this Amended Complaint, and in doing so waives her right to raise such issues through the filing of any subsequent pleading.

3. Plaintiff, Roni Lynn Kitchen, was a resident of Enid, Garfield County, Oklahoma at all times material to this matter.

4. The Deceased, Tyler Zayn Robinson, was a resident of Enid, Garfield County, Oklahoma at all times material to this matter.

5. Robinson was the father of one child, S.S.M.K. That S.S.M.K. was a resident of Enid, Garfield County, Oklahoma at all times material to this matter.

6. Plaintiff, Kitchen, brings this action as the Administrator of the Estate of Tyler Zayn Robinson, and, as the legal mother of S.S.M.K., pursuant to 12 O.S. §1054.

7. Defendant, UHS of Oklahoma, LLC, is an Oklahoma limited liability company, which does business in Enid, Garfield County, Oklahoma as St. Mary's Regional Medical Center (hereinafter "St. Mary's"). St. Mary's can be served through its registered agent: Corporation Services Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

8. St. Mary's employs and / or contracts with various physicians, nurses, and other hospital personnel responsible for the acts or omissions alleged herein.

9. All acts or omissions by Defendant, St. Mary's, as hereinafter alleged, arose, accrued, or occurred in Garfield County, Oklahoma.

10. Defendant, Patrick O'Hayre, D.O., (hereinafter "O'Hayre") is a board-certified diagnostic radiology specialist. At all times relevant hereto Defendant O'Hayre was employed by

and / or provided services on a contract basis for Defendant UHS of Oklahoma, LLC, and was granted privileges by the Defendant UHS of Oklahoma, LLC to practice medicine as a physician at St. Mary's. Defendant O'Hayre engaged in the conduct complained of in the scope of his employment, and / or as contractor, agent, and / or representative of Defendant UHS of Oklahoma, LLC.

11.     Defendant, Annie Cacy, D.O., (hereinafter "Cacy") is a board-certified emergency medicine physician. At all times relevant hereto Defendant Cacy was employed by and / or provided services on a contract basis for Defendant UHS of Oklahoma, LLC, and was granted privileges by the Defendant UHS of Oklahoma, LLC to practice medicine as a physician at St. Mary's. Defendant Cacy engaged in the conduct complained of in the scope of her employment, and / or as contractor, agent, and / or representative of Defendant UHS of Oklahoma, LLC.

12.     Defendant, Carolina Wales, D.O., (hereinafter "Wales") is a board-certified emergency medicine physician. At all times relevant hereto Defendant Wales was employed by and / or provided services on a contract basis for Defendant UHS of Oklahoma, LLC, and was granted privileges by the Defendant UHS of Oklahoma, LLC to practice medicine as a physician at St. Mary's. Defendant Wales engaged in the conduct complained of in the scope of her employment, and / or as contractor, agent, and / or representative of Defendant UHS of Oklahoma, LLC.

13.     Defendant, Board of County Commissioners for Garfield County (hereinafter "BCCGC"), is the entity charged with administration of county governmental services in Garfield County. Defendant Board may sue or be sued by name and has the authority to delegate to the Garfield County Sheriff final authority to establish Defendant BCCGC's policies with regards to training and practices of sheriff's deputies, and staff the Garfield County Detention Center

("GCDC"). BCCGC is a political subdivision of the State of Oklahoma responsible for the GCDC and is properly named pursuant to 19 O.S. §4.

14. Defendant, Garfield County Sheriff's Office (hereinafter "GCSO"), whose offices are located at 216 W. Oxford, Enid, Oklahoma 73701, maintains and operates the Garfield County Detention Facility ("GCDC" or "the Jail") located at 1020 South 10th Street, Enid, Oklahoma 73701, and is responsible for the care and supervision of the inmates and detainees housed therein.

15. Defendant, GCSO employed various staff, jailors, deputies, and other personnel responsible for the acts or omissions alleged herein, to include Defendants Cory Rink, Ben Crooks, David Hadley, Morgan Baggitt, and / or others whose identities are unknown.

16. All acts or omissions by Defendant, GCSO, its agents and employees, as hereinafter alleged, arose, accrued, or occurred in Garfield County, Oklahoma.

17. Defendant, Cory Rink (hereinafter "Rink"), is sued in his official capacity as the Garfield County Sheriff. Plaintiff has brought suit against the GCSO. The Garfield County Sheriff is being sued in his official capacity because, during the times when Robinson's injuries occurred at the GCDC, the GCSO maintained responsibility for the management and operation of the Jail. Defendant Garfield County Sheriff, engaged in conduct complained of under color of law and within the scope of his employment as agent and representative of Defendant BCCGC and / or Defendant GCSO. Defendant BCCGC and / or Defendant GCSO delegates final decision-making authority to Defendant, the Garfield County Sheriff, to establish policy with regards to operation of the GCDC, including the supervision and medical care of physically ill, intoxicated, or otherwise distressed detainees. The policies, practices, and customs promulgated, created, implemented and / or utilized by Defendant, the Garfield County Sheriff, represent the official

policies and / or customs of Defendant BCCGC and / or Defendant GCSO with regards to operation of the GCDC.

18. Defendant, Ben Crooks (hereinafter "Crooks"), was at all times relevant hereto, the Garfield County Jail Administrator, employed by and working for Defendant BCCGC, Defendant GCDC, and/or Defendant GCSO. Defendant Crooks is being sued in his official capacity as the Garfield County Jail Administrator.

19. Defendant, David Hadley (hereinafter "Hadley"), was at all times relevant hereto, a sworn Garfield County Sheriff's Deputy, employed by and working for Defendant BCCGC and/or Defendant GCSO. Defendant Hadley engaged in conduct complained of under color of law and within the scope of his employment as agent and representative of the GCSO.

20. Defendant, Morgan Baggitt (hereinafter "Baggitt"), was at all times relevant hereto, a booking officer employed by and working for Defendant BCCGC, Defendant GCDC, and / or Defendant GCSO. Defendant Baggitt engaged in conduct complained of under color of law and within the scope of her employment as agent and representative of Defendant BCCGC, Defendant GCDC, and / or Defendant GCSO.

21. Defendant, Garfield County Criminal Justice Authority (hereinafter "GCCJA" or "Jail Trust") is a public trust created for the furtherance of purported public functions pursuant to 60 O.S. § 176, et seq. GCCJA was created by a certain "Trust Indenture." Under the Trust Indenture, GCCJA is to "assist" Garfield County in its stated objective of operating the Garfield County "jail facilities" which include the Garfield County Detention Facility. Under the Trust Indenture, GCCJA was delegated the responsibility of developing policies and procedures to address the administration of the Jail. The Garfield County Sheriff and a member of the Garfield County Board of County Commissioners are permanent members/trustees of the GCCJA.

22. Defendant, Board of County Commissioners for Garfield County (hereinafter "BOCC"), is the legislative entity with non-delegable statutory responsibility for providing a jail facility for Garfield County, Oklahoma that is adequate for the safe-keeping of inmates. *See* 57 O.S. 41.

23. Defendant, City of Enid, is a municipality and political subdivision located in Garfield County, Oklahoma and is responsible for the operation of the Enid Police Department and its law enforcement officers. As such, the City of Enid may sue or be sued by name and has the authority to employ law enforcement officers, appoint a police chief, and delegate to the police chief final policy and decision-making authority regarding law enforcement matters for the City of Enid.

24. Defendant, Enid Police Department ("EPD"), is a political subdivision of the City of Enid located in Garfield County, Oklahoma and has been delegated responsibility for the operation of the Enid Police Department and its law enforcement officers. As such, the Enid Police Department may sue or be sued by name and has the authority to employ law enforcement officers and set policies for officers regarding the arrest and detention of individuals in Enid, Oklahoma.

25. Defendant, Brian O'Rourke ("O'Rourke"), was at all relevant times, a sworn Enid Police Officer, and Chief of Police, employed by and working for Defendant City of Enid and / or the Enid Police Department. Defendant O'Rourke is being sued in his official capacity as the Chief of Police for the Enid Police Department. Defendant O'Rourke engaged in the conduct complained of under color of law and in the scope of his employment as agent, representative, and final delegated decision maker of Defendant Enid Police Department.

26. Defendant, Robert Elliott ("Elliott"), was at all times relevant hereto, a sworn Garfield County Sheriff's Deputy, employed by and working for Defendant BCCGC and/or Defendant GCSO. Defendant Elliott engaged in conduct complained of under color of law and within the scope of his employment as agent and representative of the GCSO.

27. That Defendant, Advanced Correctional Healthcare, Inc. ("ACH") is now, and was at all times material hereto, a foreign for-profit business corporation organized under the laws of the State of Illinois and provides and manages the day-to-day medical operations in the GCDC. ACH does business in Enid, Garfield County, Oklahoma. Advanced can be served through its registered agent: C T Corporation System, 1833 South Morgan Rd., Oklahoma City, Oklahoma 73128.

28. All parties to this matter reside, or conduct business, in Garfield County, Oklahoma, and all acts or omissions relevant to this matter occurred within Garfield County, Oklahoma. The District Court of Garfield County, State of Oklahoma has proper jurisdiction over these parties, the subject matter, and specific issues of this case. Venue is also proper in Garfield County, Oklahoma.

29. That Defendant John Doe(s) 1-3 represent other persons whose identities are not yet known, but whose negligent and / or intentional acts and /or omissions caused or contributed to Tyler Zayn Robinson's death by virtue of their position, acting under the color of law.

30. That the conduct of the Defendants BCCGC, GCSO, Garfield County Sheriff, City of Enid, Enid Police Department, GCCJA, ACH, and their agents and employees, including Defendants Hadley, O'Rourke, Elliott, Crooks, Baggitt, and / or others whose identities are unknown, was within the exercise of State authority.

31. Plaintiff is in actual or substantial compliance with the Governmental Tort Claims Act, 57 O.S. § 151, et seq. A governmental tort claim is filed against Defendant, City of Enid/Enid Police Department, on August 15, 2022, and Defendants Garfield County Sheriff, Garfield County Sheriff's Office, Garfield County Detention Facility, Garfield County Criminal Justice Authority, and the Board of County Commissioners of Garfield County, also on August 15, 2022. This case is being filed at this time so as to preserve and protect the Statute of Limitations on behalf of the Plaintiff.

32. All acts and/or omissions giving rise to Plaintiff's claims arose in Garfield County, State of Oklahoma.

## II. FACTS

33. On August 15, 2021, Robinson was taken into custody by Deputies of the Garfield County Sheriff's Office, including Defendants Hadley, Elliott, and others, along with Officers of the Enid City Police Department, at the Enid Knights Inn motel in Enid, Oklahoma. While being transported to the GCDC, Robinson advised officers that he had orally ingested approximately two (2) grams of methamphetamine immediately prior to his arrest. Robinson's transport was redirected from the GCDC to St. Mary's for evaluation.

34. At St. Mary's, Robinson was evaluated and, despite indications that Robinson required further treatment and observation, Robinson was discharged and transported to the GCDC. The willful or negligent acts or omissions of St. Mary's, by and through its agents and employees, including Defendants Annie Cacy, D.O., Patrick O'Hayre, D.O., and / or others whose identities are unknown while Robinson received treatment at St. Mary's are the direct and proximate cause of Robinson's death.

35. Upon arrival at the GCDC, Robinson exhibited apparent signs of distress and symptoms of acute intoxication. Shortly thereafter, and while in the custody of the GCDC, Robinson collapsed, lost consciousness, and is believed to have died. The willful or negligent acts or omissions of GCDC, its agents, officers, contractors, and / or employees, including Defendants Crooks, Hadley, Baggitt, ACH, and /or others whose identities are unknown, in failing to provide adequate training, and /or supervision, and / or failing to adequately monitor, and / or provide / seek timely medical treatment for Robinson while he was in the custody of GCDC were the direct and proximate cause of Robinson's death.

36. At all times while Robinson was in the care and custody of the GCDC, Defendant ACH was responsible for providing and managing the day-to-day medical operations of the GCDC, including medical care of individuals detained at the GCDC. The willful or negligent acts or omissions of ACH, its agents, officers, contractors, and / or employees, in failing to provide adequate training and /or supervision, and / or failing to adequately monitor, and / or provide / seek timely medical treatment for Robinson while he was in the custody of the GCDC were the direct and proximate cause of Robinson's death.

37. After Robinson collapsed at the GCDC, he was transported from the GCDC, by ambulance, to St. Mary's for further treatment. After returning to St. Mary's, Robinson was treated by Defendant Carolina Wales, D.O. While at St. Mary's the second time Robinson was officially pronounced dead. The willful or negligent acts or omissions of Defendant St. Mary's, its agents, officers, contractors and /or employees, including Defendant Wales, and / or others whose identities are unknown, while Robinson received treatment at St. Mary's were the direct and proximate cause of Robinson's death.

38.     An autopsy of Robinson was conducted by the Oklahoma Office of the Chief Medical Examiner which determined Robinson's cause of death to be methamphetamine toxicity.

### III. CAUSES OF ACTION

39.     Robinson died due to the negligent care, treatment, and/or supervision provided by St. Mary's, its agents, servants, contractors and / or employees. St. Mary's and its agents, servants, contractors and / or employees, including Defendants Cacy, O'Hayre, and Wales, acted with gross negligence, and recklessness in failing to recognize the severity of Robinson's condition and by failing to provide necessary and appropriate care. Compensatory and punitive damages should be awarded in this case against defendant St. Mary's, its agents, servants, contractors, and / or employees, to include Defendants Cacy, O'Hayre, and Wales.

40.     Defendants EPD, BOCC, GCCJA, and GCSO knew, must have known, or should have known that due to the inadequate training and supervision of its agents, officers, contractors and / or employees, including Defendants O'Rourke, Elliott, Crooks, Baggitt, Hadley, ACH, and others whose identities are unknown, that detainees, such as Robinson, were likely to be injured, but failed to take reasonable measures to alleviate the risk of such harm. As a direct and proximate result of the Defendants' reckless disregard to Robinson's health and wellbeing, the negligent or intentional acts and / or omissions of Defendants EPD, BOCC, GCCJA and GCSO, their agents, officers, contractors and /or employees, including Defendants O'Rourke, Elliott, Crooks, Baggitt, Hadley, ACH, and others whose identities are unknown, resulted in the pain, suffering, and ultimately the death of Robinson. Compensatory and punitive damages should be awarded in this case against defendants EPD, BOCC, GCCJA, and GCSO, its agents, officers, contractors, and / or employees, including Defendants O'Rourke, Elliott, Crooks, Baggitt, Hadley, ACH, and others whose identities are unknown.

41. Defendant, Advanced Correctional Healthcare, Inc., provided and managed the day-to-day medical operations at the GCDC during the time when Robinson's injuries occurred at the GCDC. Defendant ACH, its agents, officers, contractors, and / or employees were responsible for providing medical care to Robinson while he was at the GCDC. Defendant ACH knew, must have known, or should have known that due to the inadequate training and supervision of its agents, officers, contractors, and / or employees that detainees, such as Robinson, were likely to be injured; however, Defendant ACH failed to take reasonable measures to alleviate the risk of such harm. As a direct and proximate result of Defendant's reckless disregard for Robinson's health, safety, and wellbeing, the negligent or intentional acts and / or omissions of Defendant ACH, its agents, officers, contractors, and / or employees, resulted in the pain, suffering, and ultimately, the death of Robinson. Compensatory and punitive damages should be awarded in this case against defendant ACH.

42. Plaintiff, on behalf of S.S.M.K. is entitled to recover damages against these Defendants pursuant to 12 O.S. §1053 et seq.

43. It is just and proper that Plaintiff recover her costs and attorney fees incurred in prosecuting this matter.

## **COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF**

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

44. The injuries and damages sustained by Robinson as a result of Defendants' willful acts and/or negligence include, but are not limited to, the following:

   a. Robinson's physical pain and suffering;

   b. Robinson's mental pain and suffering;

   c. Robinson's age;

   d. Loss of earnings;

   e. Loss of companionship;

   f. Loss of support;

   g. Funeral costs and costs of burial.

  45. Plaintiff's damages include all wrongful death damages pursuant to 12 O.S. §1053, including but not limited to: 1) medical expenses, 2) grief, 3) mental pain and anguish of the decedent, 4) pecuniary loss to survivors, and 5) grief and loss of companionship to children of the decedent.

  46. Plaintiff does not seeking damages pursuant to 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

  47. Plaintiff is entitled to damages on claims brought against individual Defendants on Oklahoma state law claims where said individual Defendants were acting outside the scope of their employment, as Defendants' conduct, acts, and omissions alleged herein constitute reckless or callous indifference towards Robinson, and which resulted in his injury and ultimately, his death.

  48. Plaintiff is entitled to punitive damages on all other claims pursuant to 12 O.S. § 1053.

## DEMAND FOR JURY TRIAL

  49. Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

50. Plaintiff reserves the right to plead further upon completion of discovery to allege additional claims and / or to name additional parties to this action; however, Plaintiff specifically waives and disclaims any damages pursuant to 42 U.S.C. § 1983.

## PRAYER

**WHEREFORE**, premises considered, Plaintiff, Roni Kitchen prays that judgment be granted against Defendant, UHS of Oklahoma, LLC d/b/a St. Mary's Regional Medical Center, its agents, contractors, and employees, to include Defendants Annie Cacy, D.O., Patrick O'Hayre, D.O., Carolina Wales, D.O., and others whose identities are unknown, for compensatory and actual damages in an amount in excess of seventy-five thousand dollars ($75,000), punitive damages to be set by a jury at trial, plus interest, costs and such other relief as the Court may deem just and proper.

Plaintiff further prays that judgment be granted against Defendants, Board of County Commissioners for Garfield County, Garfield County Criminal Justice Authority, and the Garfield County Sheriff's Office, Advanced Correctional Healthcare, Inc., City of Enid, and the City of Enid Police Department, their agents and employees, to include Defendants Garfield County Sheriff, David Hadley, Brian O'Rourke, Robert Elliott, Ben Crooks, Morgan Baggitt, and others whose identities are unknown, for compensatory and actual damages in an amount in excess of seventy-five thousand dollars ($75,000), punitive damages to be set by a jury at trial, plus interest, costs and such other relief as the Court may deem just and proper.

Respectfully submitted,

s/ Benjamin Barker
Benjamin Barker, OBA #31474
MITCHELL DeCLERCK
202 West Broadway
Enid, Oklahoma 73701
Telephone:   (580) 234-5144
Facsimile:   (580) 234-8890
Email: bjb@mdpllc.com

ATTORNEY FOR PLAINTIFF

## VERIFICATION

STATE OF OKLAHOMA )
           ) SS:
COUNTY OF GARFIELD )

  RONI LYNN KITCHEN, of lawful age, being first duly sworn upon her oath, states:

  That I am the Plaintiff referenced in the above and foregoing Amended Complaint; that I have read and understand the contents thereof; and that the statements contained therein are true and correct to the best of my information, knowledge, and belief.

Dated: December 22, 2023, in Garfield County, Oklahoma.

                 _____
                 RONI LYNN KITCHEN

Subscribed and sworn to before me this 22nd day of December 2023.

                 _KP Carmack_____
                 Notary Public

My commission expires: _____

My commission No.: _____

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically transmitted the attached document to the Clerk of court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jennifer L. Isaacs
Howard T. Morrow
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th, Second Floor
Oklahoma City, OK 73105
jli@czwlaw.com
htm@czwlaw.com
*Attorney for Defendants Board of County Commissioners of Garfield County, Garfield County Sheriff's Office, Garfield County Sheriff Cory Rink, David Hadley, Robert Elliott, Ben Crooks, Garfield County Criminal Justice Authority, and Morgan Baggitt*

Scott B. Wood
WOOD, PUHL & WOOD, P.L.L.C.
4037 E. 49th St.
Tulsa, OK 74135
okcoplaw@aol.com
*Attorney for Defendants City of Enid, and City of Enid Police Department*

Jason C. Rush
Emily P. Hauser
RODOLF & TODD
15 E. 5th St., 6th Floor
Tulsa, OK 74103
jrush@rodolftodd.com
emilyh@rodolftodd.com
*Attorneys for Defendants Annie Cacy, D.O., and Carolina Wales, D.O.*

Anthony C. Winter
Meilani C. Kaaihue
JOHNSON, HANAN, VOSLER, HAWTHORNE & SNIDER
9801 N Broadway Extension
Oklahoma City, OK 73114
awinter@johnsonhanan.com
mkaaihue@johnsonhanan.com
*Attorneys for Defendant UHS of Oklahoma, LLC*

17

Michael S. McMillin
FENTON, FENTON, SMITH, RENEAU & MOON
211 N Robinson Ave.
Suite 800 N
Oklahoma City, OK 73102
msmcmillin@fentonlaw.com
***Attorneys for Defendant Advanced Correctional Healthcare, Inc.***

                                                  s/ Benjamin Barker
                                                Benjamin Barker